**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

**ANDREW J. ARLOTTA,**

**Plaintiff,**

**v.**

**STEVEN CHIN and**
**THOMAS RUEGE,**

**Defendants.** **No. 03-CV-00252-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

On November 14, 2005, the Court ordered the parties to brief two issues: (1) whether service on Defendant Chin was proper; and (2) whether a probable cause hearing is necessary. The parties briefed the issues (Docs. 29, 33, & 35). Based on the following, the Court finds that service was not proper as to Defendant Chin and that a probable cause hearing is necessary.

On February 13, 2001, Arlotta was arrested by Police Officer Thomas Ruege based on information conveyed to Officer Ruege by Police Officer Steven Chin for scalping tickets to a Milwaukee Bucks basketball game held at the Bradley Center sports facility. A detailed background of the facts surrounding Arlotta's arrest is set forth in the Seventh Circuit's opinion. ***See Arlotta v. Bradley Center*, 349 F.3d 517 (7th Cir. 2003)**. On March 25, 2003, Arlotta filed suit against Chin and Ruege



Case 2:03-cv-00252-DRH Filed 05/09/06 Page 1 of 6 Document 42

under 42 U.S.C. § 1983 alleging false arrest and illegal confinement (Doc. 1). Arlotta maintains that he was not attempting to sell his and his father's tickets to the February 13, 2001 basketball game and that the Defendants arrested him without probable cause. Plaintiff further maintains that both Defendants were acting within their scope of duty as City of Milwaukee Police Officers at the time of the arrest.

This case was set for trial on November 14, 2005. That day, prior to the commencement of the trial, the Court raised questions regarding service on Defendant Chin and whether a probable cause hearing is necessary. Based on the discussions between the Court and counsel, the Court continued the trial and ordered the parties to brief these issues (Doc. 32). These issues are now ripe for ruling and the Court turns first to the issue of service of Officer Chin.

The Soliders' and Sailors' Relief Act did not exempt Chin from service of process, thus, there remains the question of whether the purported service was valid. Here, service was by publication. The Court of Appeals for the Seventh Circuit has held that "valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." ***Swaim v. Moltan Co.*, 73 F.3d 711, 719-20 (7th Cir.1996) (citing *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 103 (1987))**. "Valid service of process comprises more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint." ***Id.*** **Fed.R.Civ.P. 4(e)** sets out the rules governing service of process on an individual. It provides:



Case 2:03-cv-00252-DRH Filed 05/09/06 Page 2 of 6 Document 42

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Here, Arlotta did not accomplish service of the summons and complaint on defendant Chin pursuant to the methods described in Rule 4(e)(2). There is no indication in the court's record that plaintiffs left a copy of the summons and complaint at Chin's home with a person of suitable age and discretion then residing therein or that a copy of the summons and complaint was left with an "agent authorized by appointment or by law to receive service of process" on defendant Chin's behalf. Therefore, service of process will be sufficient only if Arlotta accomplished service in accordance with Wisconsin law.

The Wisconsin Supreme Court has held that "when a statute prescribes how service is to be made, compliance with the statute is required for personal jurisdiction even where the defendant has actual notice of the summons and complaint." ***Horrigan v. State Farm Insurance Co.*, 106 Wis.2d 675, 681, 317 N.W.2d 474, 477 (1982); *see also 519 Corp. v. Dept. of Transportation*, 92 Wis.2d 276, 287, 284 N.W.2d 643 (1979)**. Wis. Stat. § 801.10 states that "an

authenticated copy of the summons may be served by an adult resident of the state where service is made who is not a party to the action. Service shall be made with reasonable diligence." **Wis. Stat. § 801.11(1)(c)** states:

> (c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

Reasonable diligence requires a plaintiff to "exhaust with due diligence any leads or information reasonably calculated to make personal service possible." ***West v. West,* 82 Wis.2d 158, 166, 262 N.W.2d 87, 90 (1978)**. The exact parameters of reasonable diligence are not defined, but Wisconsin case law provides some guidance. **In *Welty v. Heggy,* 124 Wis.2d 318, 325, 369 N.W.2d 763, 761 (Ct. App.1985)**, the court of appeals upheld service by publication after deputy sheriffs had made nineteen attempts to serve the defendant personally. Similarly, the Wisconsin Supreme Court has permitted service by publication after the plaintiff attempted to serve a defendant personally at an address where she reasonably believed the defendant would be, and the defendant admitted that he was continuously traveling and refused to give the plaintiff (his wife) his current address. ***In re Marriage of Emery v. Emery,* 124 Wis.2d 613, 624-25, 369 N.W.2d 728, 733-34 (1985)**.

In contrast to the cases in which service by publication was upheld, Wisconsin courts have held that singular, unsuccessful attempts at service do not make substitute service proper. In ***Haselow v. Gauthier,* 212 Wis.2d 580, 589, 569 N.W.2d 97, 101 (Ct.App.1997)**, the court held that reasonable diligence required at least one follow up attempt at service.

Here, the Court finds that service by publication was not proper as Arlotta did not exercise reasonable diligence in obtaining service on Officer Chin. The record indicates that at the time of service, Chin was serving in the United States Navy overseas. According to Defendant Ruege's counsel, Chin was serving the Country overseas in the United States Navy from December 2001 to May 2, 2002 and from February 24, 2003 to August 30, 2003 (Doc. 36, ¶ 8). Further, Arlotta knew that Chin was on military leave. Specifically, Arlotta's Final Pretrial Report states: "Defendant Chin was called for military service in Iraq before he could be served with the Summons and Complaint but plaintiff was able to effect service on Officer Chin by publication in March of 2003." (Doc. 29, p.3). Publication occurred on April 30, 2003, May 7, 2003 and May 14, 2003 while Chin was out of the Country on active military duty (Doc. 12). As proof that he employed more than reasonable diligence in attempting to locate Officer Chin and serve him by publication, Arlotta submits correspondence between his counsel and Ruege's counsel. However, a review of these documents demonstrates that Arlotta's attempts to locate Officer Chin occurred after the complaint was filed and during publication (first attempt on May 7, 2003;

thereafter on July 14, 2005, and August 17, 2005) (Doc. 33, Exhibits B, C, D & E).[1] Further, it does not appear that Officer Chin has ever been served with a Summons and Complaint in this matter. Thus, Arlotta has not "exhaust[ed] with due diligence any leads or information calculated to make personal service possible." ***West*, 82 Wis.2d at 166, 262 N.W.2d at 90.** Accordingly, the Court lacks jurisdiction over Officer Chin, due to failure of service and dismisses Office Chin without prejudice.

Further, after reviewing the parties' briefs on the probable cause issue, the Court finds that a hearing is necessary. Thus, the Court **SETS** this matter for oral argument on Friday, June 9, 2006 at 1:00 p.m.

**IT IS SO ORDERED.**

Signed this 8th day of May, 2006.

/s/ David RHerndon
**United States District Judge**

---

[1]In these letters to defense counsel, Arlotta states that he needs his address so that he can "cause the Summons and Complaint to be served upon him." (Doc. 33, Exhibits C, D & E).