IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW J. ARLOTTA

Plaintiff,

v.

THOMAS RUEGE,

Defendant.                                              No. 03-CV-252

MEMORANDUM AND ORDER

HERNDON, District Judge:

I. Introduction

Plaintiff Andrew Arlotta filed a complaint on March 25, 2003 against Defendants Steven Chin and Thomas Ruege, both City of Milwaukee police officers, for allegedly arresting and imprisoning him without probable cause in violation of **42 U.S.C. § 1983** and for negligent infliction of emotional distress. (Doc. 1.) In an Order issued May 9, 2006, the Court found that it lacked jurisdiction over Officer Chin due to failure of service and dismissed Officer Chin without prejudice. (Doc. 42.) In the same Order, the Court ordered a hearing on whether probable cause existed for Arlotta's arrest. (Doc. 42.) The hearing took place on June 9, 2006. During the course of the hearing, Officer Ruege's counsel made a motion to dismiss. (Tr. 6/9/06, p. 5-6.) After taking the arguments and briefs under advisement, the

1

Court determined that summary judgment would be appropriate in this case. Therefore, in an Order dated October 26, 2006, the Court notified the parties that it would be converting Officer Ruege's motion to dismiss into a motion for summary judgment and invited the parties to submit additional briefs.[1] (Doc. 44.) Arlotta submitted a brief in opposition. (Doc. 45.) Officer Ruege's counsel submitted a letter stating that it would not be filing any additional briefs. (Doc. 47.)

## II. Background

On February 13, 2001, Police Officers Thomas Ruege and Steven Chin were engaged in an undercover sting operation aimed at curbing the scalping of tickets outside of the Bradley Center sports facility. Arlotta was standing outside of the Bradley Center about 45 minutes to an hour before the Bucks game. He had two tickets for the game. Although the parties dispute whether Arlotta was attempting to sale the tickets, the most important fact is undisputed: Officer Ruege arrested Arlotta based solely on information he received from Officer Chin. Officer Chin was in plainclothes that evening. He was circulating amongst the crowd and made the initial decision to arrest Arlotta based on his belief that Arlotta was attempting to scalp tickets. Chin communicated that decision to Ruege by wireless police communications equipment. Chin directed Ruege to Arlotta. Ruege then arrested

---

[1] A court may grant summary judgment sua sponte if it gives "the losing party reasonable notice and a fair opportunity to be heard." ***Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 893 (7th Cir. 2005)**. The October 26, 2006 Order gave both parties reasonable notice and an opportunity to be heard.

2

Arlotta and detained him in a police van for an hour.[2] Arlotta was then taken to police headquarters and released, after about 4 hours in custody, and given two citations alleging municipal ordinance violations.

### III. Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, **877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through

---

[2] Meanwhile, Arlotta's father had arrived at the game. Arlotta has always maintained that he was standing outside of the arena waiting to attend the game with his father.

specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994)**, *aff'd*, **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997)**. Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

### IV. <u>Analysis</u>

The threshold issue in this case is whether Officer Ruege, who arrested Arlotta solely on the basis of information he received from Officer Chin, believed he had probable cause to arrest Arlotta. If probable cause existed to support Officer Ruege's arrest, the case is dead in the water. The Seventh Circuit has held that "the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution." ***Schwertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989)**. Arlotta maintains that

4

whether probable cause existed is a question of fact that only a jury can decide and therefore summary judgment would be improper. Ruege, on the other hand, argues that the probable cause issue in this case is a matter of law that can be decided by the Court. The Court agrees with Officer Ruege that the issue of whether probable cause existed may be resolved prior to trial. The Seventh Circuit has spoken quite clearly on this point:

> Keeping in mind the Supreme Court's emphasis on the importance of resolving immunity questions at the earliest possible stage in litigation . . . 'if a case involves a question of whether probable cause existed to support an officer's actions, the case should *not* be permitted to go to trial if there is any reasonable basis to conclude that probable cause existed.'

***Humphrey v. Staszk*, 148 F.3d 719, 727 (7 Cir. 1998)** *quoting Eversole v. Steele*, **59 F.3d 710, 717-18 (7th Cir. 1995).** The question, therefore, is whether there is any reasonable basis to conclude that probable cause existed.

Officer Ruege contends that he had the lawful authority to arrest Arlotta because he was acting based on the information and at the direction of a fellow officer. Probable cause is "a common-sense determination, measured under a reasonableness standard." ***Humphrey* at 726**. Even if it turns out that the arrest was a mistake, an officer is still entitled to qualified immunity if the officer's "actions were not objectively unreasonable at the time they were taken." ***Id.* at 725.** "The issue is whether a reasonably competent police officer, with knowledge of the facts actually known by the arresting officer, would have concluded that probable cause

5

existed to arrest for the offense offered as justification." ***Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir. 1993)** *quoting **Richardson v. Bonds*, 860 F.2d 1427, 1430-31 (7th Cir. 1988)**. Whether a person is later found to be innocent is irrelevant to the inquiry of whether probable cause existed at the time of arrest. *See **Gower v. Vercler*, 377 F.3d 661, 668 (7th Cir. 2004)**.

Officer Ruege arrested Arlotta based on the information he received from Officer Chin that Arlotta was attempting to scalp tickets. Arlotta argues that probable cause did not exist because Arlotta was not acting based upon his own knowledge and information. However, the Seventh Circuit has held that "when a police officer receives information sufficient to raise a substantial chance of criminal activity from a person whose truthfulness he has no reason to doubt, that information is sufficient to establish probable cause." ***Smith v. Lamz*, 321 F.3d 680, 685 (7th Cir. 2003).** If information from a credible witness or victim is considered sufficient to establish probable cause, even if the information later turns out to be incorrect, then certainly information from a fellow police officer would be considered reliable enough to establish probable cause. Officer Ruege had every reason to trust and act upon the information he received from a fellow officer. Based on the information Ruege had at the moment he arrested Arlotta, the Court finds the Ruege acted reasonably and with the belief that the arrest was supported by probable cause.

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** summary judgment in

6

favor of Officer Ruege. The Court finds that Officer Ruege decision to arrest Arlotta was supported by probable cause. Therefore, Officer Ruege is entitled to qualified immunity. The matter is dismissed with prejudice.

**IT IS SO ORDERED**.

Signed this 28th day of December, 2006.

/s/ David RHerndon

**United States District Judge**